IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| MATTHEW J. BARONE | : | BANKRUPTCY NO.: 5-07-bk-51621 |
| STACY A. BARONE, | : | {**Nature of Proceeding**: Trustee's Motion |
| | : | to Approve Settlement of Life Insurance |
| DEBTORS | : | Claim (Doc. #32)} |

# **OPINION**[1]

On July 1, 2010, Robert P. Sheils, Jr., Esquire, Trustee to the above-captioned Debtors, filed a Motion to Approve Settlement of Life Insurance Claim and sought entry of an Order approving that settlement under Federal Rule of Bankruptcy Procedure 9019(a). Listed as one of the assets on Debtors' Schedule B was a life insurance policy for the late Benjamin Barone. The Trustee has been offered $125,000 in full settlement of Debtor's claim to those life insurance policies. See Settlement and Release Agreement attached Trustee's Motion at Exhibit A.

Subsequent to appropriate Notice of the Motion to Approve the settlement under the applicable Federal Rules of Bankruptcy Procedure, an Objection was lodged by Beroc, Inc. under the signature of Howard Rockman, President of Beroc, Inc.. See Doc. #35. A hearing on the Objection was scheduled by the Court, and prior to that hearing, the Trustee filed a Motion to Dismiss Beroc's Objection to the Motion to Approve Settlement on the ground that a corporation may not appear *pro se* in a federal court. At the scheduled hearing, appearing before the Court was the Attorney for the Trustee as well as Jeffrey Rockman, Esquire, who represented that he was attending the hearing not as legal counsel to the objecting creditor, Beroc, but as a shareholder of Beroc. Following argument presented by the Trustee's counsel as to why the Court should dismiss Beroc's Objection, I agreed with the Trustee's position and did dismiss

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

Beroc's Objection. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). This ruling, however, came after Mr. Rockman presented Beroc's objections on the record. Indicating to counsel for the Trustee that I simply could not ignore the objections advanced by Mr. Rockman and because I have an independent duty to review all settlements, regardless of whether an objection is filed thereto, pursuant to the dictates of *In Re Martin*, 91 F.3d 389 (3d Cir. 1996), the Court then requested Trustee's counsel to present evidence in support of the Motion seeking approval of the settlement.[2] *In re RFE Industries, Inc.*, 283 F.3d 159 (3d Cir.2002).

While counsel for the Trustee made an impassioned argument as to why this Court should approve the settlement, the Trustee, nonetheless, did not submit evidence by way of testimony or written documentation to support the settlement. In fact, counsel for the Trustee argued that with the Objection filed by Beroc being dismissed, the Court could, based upon argument only, approve the settlement.

> The Third Circuit, in the case of *Myers v. Martin*, 91 F.3d 389 (3rd Cir. 1996), wrote that when considering whether to approve or disapprove a compromise, a bankruptcy judge must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Myers v. Martin* at 393. The Third Circuit recognized four criteria that a bankruptcy court should consider in striking the balance.
>
> 1. The probability of success in litigation;
> 2. The likely difficulties in collection;
> 3. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> 4. The paramount interest of the creditors.
>
> *Id*. at 393.

---

[2] At the conclusion of the hearing, the Court granted both sides 14 days to submit briefs in support or in opposition of the request to approve the settlement agreement, and thereafter, the matter would be taken under advisement. Thereafter, counsel for the Trustee filed two requests for an extension to file a brief or an amended settlement agreement in the alternative. The second request was made on September 7, 2010, which was granted giving the Trustee an additional 30 days to file either a brief or an amended settlement agreement. It is noted that as of the date of filing of this Opinion and Order, the Trustee has filed neither of the above-referenced documents.

The Supreme Court, in the case of *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968), opined that the bankruptcy court needed to have a basis for distinguishing between well-reasoned conclusions arrived at after a consideration of all factors and "mere boilerplate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law." *Id.* at 434.

In other words, to make an informed decision, a court must focus on facts and not mere allegations and surmise.

*In re Dundas Machine Co., Inc.*, 1999 WL 742713 (Bkrtcy.M.D.Pa., Sept. 9, 1999).

The instruction that a Court must focus on facts and not mere allegations and surmise is exactly where the Trustee falls short in his attempt to get the Motion to Approve Settlement granted. In order to fulfill my obligations under the above-referenced factors, which *Myers v. Martin* instructs I should balance in my decision whether to approve or not to approve, I must rely on evidence presented to me by testimony or documentary evidence. No evidence was presented to the Court. Having no evidence to consider, I find that the Trustee's effort in this regard fails. I, therefore, will deny the Trustee's Motion to Approve Settlement of Life Insurance Claim without prejudice to refile should a supporting record become available.

An Order will follow.

By the Court,

_____

Date: April 11, 2011

John J. Thomas, Bankruptcy Judge

(CMS)